IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hilton Groups, PLC, | ) | |
| | ) | C/A No. 2:05-937-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION and ORDER** |
| | ) | |
| Branch Banking & Trust Co. of South | ) | |
| Carolina; Branch Banking and Trust Co.; | ) | |
| and BB&T Investment Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  INTRODUCTION

In its judgment of November 17, 2006, this court ordered plaintiff to pay costs to defendants.  Defendants filed a motion for costs on January 2, 2007, claiming a total of $27,132.93 in expenses. After the clerk entered an order awarding costs in this amount, plaintiff filed a motion requesting review of the clerk's order.  After several briefs were filed disputing the amount of recoverable costs, and at the court's urging, defendants filed an amended motion for costs claiming a total of $21,995.28.

A hearing on the recoverability of certain costs was held on May 1, 2007, at which plaintiff – for the first time – objected to the entirety of the motion for costs on the grounds that it was untimely.  The court ordered supplemental briefs on this issue and in the meantime entered an order awarding defendants $20,783.88 in costs.  The sole remaining issue in this case is whether costs should be denied due to untimeliness.

## II.  STANDARD OF REVIEW

Local Civil Rule 54.03 DSC provides in relevant part that "Bill of costs shall be filed within the time limits set by Fed. R. Civ. P. 54(d)(2)(B) for applications for attorney's fees.  Noncompliance with this time limit shall be deemed a waiver of any claim for costs."  Federal Rule of Civil Procedure 54(d)(2)(B) requires that applications for attorney's fees be filed "within 14 days of the entry of judgment," although it has been held that conflicting local rules act to extend this deadline.  See Planned Parenthood of Cent. N.J. v. Attorney General, 297 F.3d 253, 261 (3d Cir. 2002); Johnson v. Lafayette Fire Fighters Ass'n Local 472, 51 F.3d 726, 728-30 (7th Cir. 1995).

Federal Rule of Civil Procedure 6(b) provides as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extend and under the conditions stated in them.

Finally, Local Civil Rule 1.02 DSC provides that, "For good cause shown in a particular case, the Court may suspend or modify any Local Civil Rule."

## III.  DISCUSSION

As a preliminary matter, it is perplexing that plaintiff waited four months, during which it filed three legal memoranda on the subject of costs, before raising the issue of timeliness.  This fact is particularly salient considering that the untimeliness of defendants' motion should have been perceived the day it was filed.  It was not a fact

2

hidden from plaintiff's attention, or obscured by inferential deduction; it was obvious and, had plaintiff paid closer attention, the motion could have been made well in advance of any debate over particular costs.  Thus, raising a timeliness claim in such an "untimely" fashion, regardless of any requirement of law, is both ironic and in poor form.

Moving to the legal considerations, it is clear that Local Civil Rule 54.03 DSC provides a 14-day period after the entry of judgment for filing costs and that failure to meet this deadline "shall be deemed a waiver of any claim for costs." As defendants failed to file their motion for costs within this period – it was filed 46 days after the entry of judgment – the claim is not permitted under a literal reading of this rule. But this does not end the inquiry.

There is considerable case law holding that missing the Rule 54 deadline for filing petitions for attorneys' fees – on which the local rule governing costs is based – is not an absolute bar to recovery. See IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377, 1385 (Fed. Cir. 2005) (Rule 54 deadline may be extended upon showing of excusable neglect); Tandredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 ("Indeed, by its very terms, the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline."); Crue v. Aiken, 370 F.3d 668, 680-81 (7th Cir. 2004) (Rule 54 petitions may be filed late based upon excusable neglect under Rule 6(b)); S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 60 F.3d 305, 308-09 (7th Cir. 1995) (time limits for motion for award of double plaintiff's taxable costs plus interest on judgment are not "jurisdictional"); Planned Parenthood of Cent. N.J., 297 F.3d at 261 ("Consideration of fee petitions is often an extremely involved and time-consuming exercise that can be burdensome to a

busy district court, and district courts ought to have the flexibility to control their own calendars with respect to such matters."); Leidel v. Ameripride Servs., Inc., 322 F. Supp. 2d 1206, 1210 ("denying plaintiff's motion on strictly procedural grounds would appear to contravene the spirit of Rule 54(d)(2)(B)").[1]  This is also made plain in the decisions which afford contrary local rules to extend this deadline. See Planned Parenthood of Cent. N.J., 297 F.3d at 261; Lafayette Fire Fighters Ass'n Local 472, 51 F.3d at 728-30. It appears, then, that this deadline is not fixed in stone and may be modified to suit local practice standards.

Rule 6(d) provides an opportunity for the courts to extend nearly every time-sensitive deadline in federal civil practice, including Rule 54.  Plaintiff cites Barghout v. Bureau of Kosher Meat & Food Control, No. 96-2366, 1998 WL 193106 (4th Cir. Apr. 23, 1998), for the proposition that Rule 6(d) is not applicable to Rule 54 deadlines. A closer reading of that case, however, reveals that this is simply not so. The Fourth Circuit in Barghout found that no motion to extend the deadline for objecting to costs was made within the original 14-day period, and that no party "has taken the position that the failure to timely file the attorneys' fee requests was attributable to excusable neglect." Id. at *3.

This is not the case here; defendants have specifically asserted that their failure to meet the deadline was caused by excusable neglect, which is a permissible reason to

---

[1]  "According to the 1993 Advisory Committee notes, the purpose of the 14-day provision in Rule 54(d)(2)(B) is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Leidel, 322 F. Supp. 2d at 1210.  Here, it is clear that, although specific amounts were not itemized for review, counsel for the parties had conversations on the issue of costs within 30 days of the judgment.

4

extend or excuse a deadline under Rule 6(d). Thus, plaintiff's contention in this regard is without merit, and the court may now address whether "excusable neglect" exists in this case.

Excusable neglect has been defined in many ways. "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and it also must appear that there was a reasonable basis for not complying within the specified period." In re Four Seasons Sec. Laws Litig., 493 F.2d 1288 (10th Cir. 1974). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (citing 4A Wright & Miller, Federal Practice and Procedure § 1165 (2d ed. 1987)); Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 392). "Rather, it may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395) (in context of bill of costs).

"[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395 (in context of Bankruptcy Rule 9006(b)(1), which was "patterned after Rule 6(b)").

These circumstances include "the danger of prejudice to the other side, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citation and footnote omitted).[2]

A lawyer's simple lack of knowledge of a deadline will not ordinarily constitute excusable neglect, Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 867 (4th Cir. 2001), nor will a mistaken interpretation of a rule or statute, see United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528-29 (E.D. Va. 2005) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395), nor will a hectic law practice, see McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387-88 (11th Cir. 1981). It has been held, however, that counsel's reliance on information mistakenly provided by the court as to an extension of time was excusable neglect. See Combustion Eng'g, Inc. v. Miller Hydro Group, 739 F. Supp. 666, 668-69 (D. Me. 1990) (objections to report and recommendation). Further, excusable neglect has been found where a party mistakenly believed a dispute would be resolved by negotiations that proved unsuccessful. See Jetcraft Corp. v. Banpais, S.A. De C.V., 166 F.R.D. 483, 487 (D. Kan. 1996) (in context

---

[2] There is some dispute as to whether counsel's failings or omissions should be attributed to the party. Compare Pioneer Inv. Servs., 507 U.S. at 396-97 (in context of Bankruptcy Rule 9006(b)(1), dismissal of an action, and the late filing of tax returns, "clients must be held accountable for the acts and omissions of their attorneys"), with Heyman v. M.L. Marketing Co., 116 F.3d 91, 94 (4th Cir. 1997) (noting, in context of Rule 60(b), that "'when the party is blameless, his attorney's negligence qualifies as a mistake or as excusable neglect'") (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988)). In this case, the court will assume that an attorney's error or omission is attributable to the client.

of motion for leave to answer amended complaint out of time).[3]

In the present case, using the factors set forth in Pioneer Investment Services Co., there is no credible assertion that plaintiff was in any way prejudiced by the delay in filing the bill of costs. There is no evidence that its right to appeal was interfered with, or that it would be unfair to debate costs after the passage of 46 days. The court received several briefs disputing particular costs claimed by defendants, ruled on every objection the plaintiff raised, and even allowed plaintiff additional time to brief the timeliness issue. Thus, this factor of excusable neglect falls squarely in favor of defendants.

Second, the 46-day delay, while not minimal by any stretch, did not negatively impact the judicial proceedings. Plaintiff did not appeal the judgment, and even if it had there is no indication that the failure to file the bill of costs would have hampered its ability in any way. See Fed. R. Civ. P. 54 (1993 Advisory Committee Note) ("Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment . . . .").

Third, the reason for the delay was clearly within defendants' control; there is no indication that counsel was prevented from submitting the bill of costs. However,

---

[3] Of course, there are a number of cases in which courts have refused to find excusable neglect based on circumstances similar to the cases cited above where excusable neglect was found. See Quigley v. Rosenthal, 427 F.3d 1232, 1236-37 (10th Cir. 2005) (motion for costs filed 45 days late); O'Shea v. Yellow Tech. Servs., Inc., 208 F.R.D. 634, 635-36 (D. Kan. 2002) (bill of costs filed fifteen months late); Tufaro v. Willie, 756 F. Supp. 556, 559-60 (S.D. Fla. 1991) (response to motion for costs/fees filed three years late). These cases serve to highlight the notion that excusable neglect is very fact-specific and equitable in nature, affording the district courts considerable discretion in determining whether to excuse a missed deadline. See, e.g., United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991); Safety-Kleen, Inc., 274 F.3d at 867 (both noting that a finding of excusable neglect (or the lack thereof) will be overturned only for an abuse of discretion).

defense counsel asserts that a deputy clerk of court informed her that, since the court awarded costs in the judgment, there was no limitation on the time in which to file the bill of costs. There is no evidence to dispute this assertion. As a result of this conversation, counsel asserts that she believed the judgment awarding costs to defendants constituted an "order[ ] by the court" under Rule 54 which operated to nullify the 14-day filing period.  Even though a misinterpretation of the law is normally not grounds for excusable neglect, Safety-Kleen, Inc., 274 F.3d at 867, in this case the advice of the deputy clerk substantially affected counsel's interpretation of the rule, which has been held to constitute excusable neglect, see Combustion Eng'g, Inc., 739 F. Supp. at 668-69.

Finally, and perhaps second in importance only to prejudice (of which there is none), there is no indication (nor even an allegation) that the delay was the result of any bad faith. It is undisputed that defendants' counsel contacted plaintiff's counsel within 14 days of the entry of judgment to discuss the issue of costs.  Defense counsel posited that perhaps the matter could be resolved without a hearing, and plaintiff's counsel agreed that, once she had some concrete numbers to review, a hearing might be avoided. It is also undisputed that the holiday season made it difficult to pursue further negotiation. Counsel's belief that a hearing would likely be unnecessary is reasonable under the circumstances, and is further support for the finding of excusable neglect. See Jetcraft Corp., 166 F.R.D. at 487.

Therefore, based on a review of the record, the court finds that defense counsel's failure to file the bill of costs within the prescribed period was the result of excusable neglect, and that the 14-day period outlined in Rule 54(d)(2)(B) should be excused as

8

provided in Rule 6(b).  As such, plaintiff's objection on the grounds of timeliness is overruled.

Finally, the local rules of this district extend to this court an additional tool by which to selectively excuse non-compliance with deadlines imposed by other local rules. Local Civil Rule 1.02 DSC specifically provides that, "For good cause shown in a particular case, the Court may suspend or modify any Local Civil Rule." This, of course, includes the deadline for filing a motion for costs under Local Civil Rule 54.03 DSC.

In this particular case, even if counsel's actions do not constitute excusable neglect, the call to suspend Rule 54.03 is strong.  Defendants' counsel did not ignore the issue of costs; the record clearly shows that defendants' counsel called the clerk's office, that there were conversations between counsel on this very subject within 14 days of the judgment, and that once all counsel returned from the holiday season the negotiations continued without delay.  Though a misreading of the law may not always qualify as "excusable neglect," see Safety-Kleen, Inc., 274 F.3d at 867, it is certainly an appropriate factor under Rule 1.02 (requiring only "good cause shown in a particular case").

More importantly, there is no doubt that counsel for defendants acted in good faith in assuming that there would be further discussion on the issue of costs, and that perhaps a mutual agreement could be reached, thus making the deadline unnecessary. Though it is debatable whether plaintiff's counsel made any statement, assertion, inference, or omission which could be considered a "waiver" of the deadline or that would entitle defendants to an estoppel or laches defense in the strictest sense of those terms, the particular circumstances in this case do not lend themselves to a rigid, strict

9

construction of Rule 54.03.

Plaintiff debated this issue with defendants for many months without claiming any prejudice; indeed, there is no indication from the record that the court failed to consider any of plaintiff's objections to the costs submitted.  What prejudice could now result, all of a sudden, the court cannot fathom.  In short, the particular circumstances of this case dictate that there is good cause to suspend the deadline for costs imposed by Rule 54.03. In its discretion, the court so suspends the deadline and finds that the defendants' motion for costs should not be barred due to untimeliness.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's timeliness objection to the motion for costs is denied; and this court's order of May 10, 2007 is affirmed.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 11, 2007**
**Charleston, South Carolina**